UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

––––––––––––––––––––––––

BERRY B. MILLER,

    Plaintiff,

v.              Case No. 1:13-CV-967

FEDERAL GOVERNMENT and    HON. GORDON J. QUIST
PAROLE AGENT PHIL RATH,

    Defendants.
––––––––––––––––––––––––/

## OPINION

   Plaintiff, Berry B. Miller, has filed a pro se complaint. Although the docket report shows that the Clerk interprets Miller's claim against Federal Government Parole Agent Phil Rath, the Court interprets Miller's complaint as suing the Federal Government and Parole Agent Phil Rath. Due to the rambling nature of Miller's allegations, it is difficult to ascertain the legal basis of Miller's claim or claims. Miller's allegations, in their entirety, are as follows:

> The Federal Government in threw by Parole Agent Phil Rath breached contract by re-using the same preliminary hearing the plaintiff waived on 8-23-99 in place of granting a new preliminary 2-22-00.
>
> . . . .
>
> The Federal Government in compliance with Parole Agent Phil Rath breached state prisoner's contract, by re-using the same waiver date twice instead of providing a new preliminary hearing within 10 days of Plaintiff being detained 2-22-00, to jail. Without probable cause Plaintiff Berry Miller Parole was terminated 3-10-00, and the plaintiff became available 3-27-00, held 12 years and 4 months under obstruction of justice. Discharged from prison 7-31-12 violation of operating procedures MCL 791.239A–MCL 791.240A. Complaints were filed in Ingham County 2012, after I discharged 7-31-12, and a 10 page complaint was filed to the State of Columbus/Washington DC 2002. Other violations under 06.06.100.

(Compl., dkt. # 1 at Page ID 4, 10.) Elsewhere, Plaintiff states that he was "[d]enied a federal right to complete parole." (*Id.* at Page ID 6.) Plaintiff requests an award of punitive damages "[b]ased on all laws broken against my United States right to liberty freedom."

On September 11, 2013, the magistrate judge issued an order granting Miller leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Miller's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). As set forth below, the Court concludes that Miller's complaint must be dismissed as required by § 1915(e)(2) because it fails to state a claim and because the United States is immune from suit.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

First, to the extent Miller sues the United States, his suit is barred by sovereign immunity. "It is elementary that the United States. as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980) (brackets, ellipsis, and internal quotation marks omitted); *see also Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010) ("Sovereign immunity prevents suit against the United States without its consent."). A plaintiff must identify a waiver of sovereign immunity in order to proceed against the United States. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). The plaintiff's claim must be dismissed on jurisdictional grounds if he cannot identify a waiver. *Id.* Miller fails to identify any waiver of sovereign immunity for his claim against the United States. Thus, the Court must dismiss his claim against the United States, or Federal Government, for lack of jurisdiction.

As for Miller's claim against Defendant Rath, his claim fails because there is no constitutional right to parole. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). In addition, Michigan law does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3ed 1162, 1164–65 (6th Cir. 1994) (en banc). Moreover, Plaintiff's claim appears to be barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). *See*

3

*Harrison v. Michigan*, 722 F.3d 768, 771–75 (6th Cir. 2013); *Norwood v. Michigan Dep't of Corrs.*, 67 F. App'x 286, 287 (6th Cir. 2003). To the extent Plaintiff's claim is not *Heck*-barred, it is barred by the three-year statute of limitations for claims under 42 U.S.C. § 1983. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

For the foregoing reasons, Miller's complaint must be dismissed.

An Order consistent with this Opinion will be entered.

Dated: September 23, 2013                              /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE